**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
ANGEL BROWN,

                              Plaintiffs,

            - against -                                                      **MEMORANDUM**
                                                                            **AND ORDER**

                                                                            CV 15-0173 (JFB) (AKT)

PECONIC BAY MEDICAL CENTER;
ANDREW MITCHELL, PRESIDENT/CEO
PECONIC BAY HOSPITAL and individually;
DR. RICHARD KUBIAK, Chief of Staff,
PECONIC BAY MEDICAL CENTER and
Individually; MONICA CHESTNUT RAULS,
In Her Capacity as Vice-President Human
Resources, PECONIC BAY MEDICAL
CENTER and Individually; ZITA HARRIS, In
Her Capacity As Director of Patient Access
and Individually; SUSAN KOSINSKI, In Her
Capacity as Patient Access Coordinator,
PECONIC BAY MEDICAL CENTER, and
Individually; AMY GWINN, In Her Capacity
As Director of Patient Financial Services,
PECONIC BAY MEDICAL CENTER, and
Individually; and KENDRA CHEW, In Her
Capacity as Cash Posting Supervisor,
PECONIC BAY MEDICAL CENTER and
Individually,

                              Defendants.
------------------------------------------------------------X

## I.      PRELIMINARY STATEMENT

Angel Brown ("Plaintiff" or "Brown") brings the instant action against her former

employer, Peconic Bay Medical Center and various employees of the Medical Center.  The

individual Defendants who are sued in their official capacities as well as individually are:

Andrew Mitchell, President/CEO Peconic Bay Hospital; Dr. Richard Kubiak, Chief of Staff,

Peconic Bay Medical Center; Monica Chestnut Rauls, Vice-President of Human Resources; Zita

Harris, Director of Patient Access; Susan Kosinski, Patient Access Coordinator; Amy Gwinn, Director of Patient Financial Services; and Kendra Chew, Cash Posting Supervisor, Peconic Bay Medical Center (collectively, with Peconic Bay Medical Center, "the Defendants"). Plaintiff seeks damages and other relief based upon Defendants' alleged violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.*; 42 U.S.C. § 1981; the Family Medical Leave Act and Article 15 of the New York State Executive Law Sections 296 and 297.

Presently before the Court is Plaintiff's letter motion [DE 32] seeking a contempt hearing to determine whether Defendants have violated this Court's March 13, 2015 Order directing Defendants to cease and desist engaging in any further direct contact with Plaintiff outside the presence of counsel for both parties. *See* DE 8. Plaintiff's motion seeking a hearing is GRANTED, in part, to the extent set forth below.

## II.   RELEVANT PROCEDURAL HISTORY

On March 13, 2015, the Court conducted an Initial Conference by telephone with counsel for both parties in this employment discrimination case. Specifically, the Court addressed the direct contact which occurred between Plaintiff and Defendants concerning potential settlement of this litigation and determined that

> the contact [between Plaintiff and Defendants] is completely improper in light of the fact that the plaintiff is represented by counsel. Therefore, defendants' counsel has been instructed by the Court today to contact her clients immediately and to inform them that the Court has ordered that such contact CEASE AND DESIST. Any failure to comply with this Order will result in the imposition of sanctions on the defendants.

*See* DE 8 ¶ 2 (emphasis in original).

On April 21, 2015, Plaintiff's counsel filed a letter asserting that on April 14, 2015, Defendants violated the Court's March 13, 2015 Cease and Desist Order. *See* DE 13. Defendants' counsel responded on the same date. *See* DE 14. Thereafter, on May 22, 2015, the

Court held an in-person Initial Conference with both parties. At that conference, Plaintiff's

counsel claimed that Defendants had violated the Court's prior Cease and Desist Order issued on

March 13, 2015. *See* DE 19 ¶ 8. The Defendants denied Plaintiff's allegation. *Id*. Plaintiff's

counsel stated that it was her intention to formally pursue this matter. *Id.* The Court advised her

that a hearing would be needed based upon the allegations being made and that if Plaintiff

wished to pursue to this avenue of relief, "she needs to file an appropriate letter motion seeking

sanctions, explaining the basis for the sanctions, and requesting a hearing." *Id*.

On June 1, 2015, Plaintiff's counsel filed a letter requesting a contempt hearing. *See* DE

21. By Electronic Order dated June 2, 2015, the Court rejected the filing since Plaintiff's

counsel had been directed to file such a request as a letter motion pursuant to the Court's Rules.

*See* June 2, 2015 Electronic Order. Thereafter, Plaintiff's counsel filed a letter ***motion*** on July

28, 2015 asking the Court to hold a contempt hearing. *See* DE 32. Defendants filed their

response opposing the motion on July 31, 2015. *See* DE 33.

III.    DISCUSSION

A.  Motion for Contempt

In her letter motion, Plaintiff's counsel asserts that Defendant Monica Chestnut Rauls

("Rauls"), Vice-President of Human Resources at Peconic Bay Medical Center, violated the

Court's March 13, 2015 Cease and Desist Order by engaging in direct contact with Plaintiff

subsequent to the issuance of the Court's Order.[1] Specifically, Plaintiff states that the Court's

Order clearly directed Defendants "to refrain from having any direct communications in the

absence of counsel [and that] the contact that Rauls had with Plaintiff following the Court's

---

[1]     Although Plaintiff's counsel did not identify the exact date of the alleged violative
conduct in her letter motion, her prior letter to the Court stated that the conduct complained of
occurred on April 14, 2015. *See* DE 13.

[O]rder . . . was not a casual one, but was directly referencing the terms of the settlement of Plaintiff's case." *See* DE 32.  Further, Plaintiff's counsel contends that "Rauls confirmed the subject of [the] conversation to the union representative." *Id*.  Based upon Rauls' alleged conduct and Plaintiff's position that Rauls was "attempting to influence the pending litigation and harass plaintiff," Plaintiff's counsel requests that a contempt proceeding be held to determine if Rauls "acted in defiance of the Court's Cease and Desist Order. . . ." *Id*.

In their response, Defendants concede that "[o]n April 14, 2015, Ms. Rauls encountered Plaintiff in the Hospital and briefly informed Plaintiff that she was aware that Counsel were discussing a settlement, however, as she (Plaintiff) was a good employee, Ms. Rauls did not want her to believe that the Hospital wanted her to resign." *See* DE 33.  Notwithstanding this incident, Defendants maintain that "[t]here has been no further contact between Ms. Rauls and Plaintiff following the issuance of the Court's March 13, 2015 Order." *Id*.  Further, Defendants state that: (1) even "assuming the exchange occurred exactly as described in Plaintiff's Counsel's motion, Plaintiff has suffered no losses as a result of her single, brief exchange with Ms. Rauls;" (2) Plaintiff's submissions concerning the exchange at issue are "inconsistent" and "contradictory;" (3) the contact was not made "in bad faith or for reasons of harassment or delay;" and (4) the exchange "amounts to a *de minimus* violation of the Court's Order." *Id*.

### 1. Applicable Law

In general, "the power to punish for contempt is inherent in all courts."[2] *Bowens v. Atlantic Maintenance Corp.*, 546 F. Supp. 2d 55, 63 (E.D.N.Y. 2008) (citations omitted). "The

---

[2]      In addition to the Court's inherent power to punish individuals in cases where contempt is established, Federal Rule of Civil Procedure 37(b)(2) states that a court may "treat [] as contempt . . . the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2); *see also* 18 U.S.C. § 401 ("A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority

underlying concern is 'disobedience to the orders of the [j]udiciary,' not 'merely the disruption of court proceedings.'" *Id.* (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). As such, an individual who disobeys a valid order of the court may be subject to both civil and criminal penalties for his actions. *Id.* (citing *United States v. Petito,* 671 F.2d 68, 72 (2d Cir. 1982)). "Criminal contempt is used to punish the contemnor or vindicate the court's authority; civil contempt seeks to coerce the contemnor into compliance with the court's orders or to compensate the complaining party for losses incurred as a result of the contemnor's conduct." *Id.* (citing *Hess v. New Jersey Transit Rail Operations, Inc.*, 846 F.2d 114, 115 (2d Cir. 1988)).

A party may be held in civil contempt for failure to comply with a court order if: "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Lynch v. Southampton Animal Shelter Found., Inc.*, No. CV 10-2917, 2013 WL 80178, at *5 (E.D.N.Y. Jan. 7, 2013) *adhered to on reconsideration*, 2013 WL 1563468 (E.D.N.Y. Apr. 12, 2013) (quoting *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995)). Willfulness or bad faith is *not* a prerequisite to a contempt finding pursuant to Rule 37. *See Dorsett*, 2012 WL 2076911, at *8 ("a court need not find willfulness or bad faith as a prerequisite to a contempt finding"); *Paramedics Electromedicina Comercial, Ltda. v. GE Medical Sys. Information Tech., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) ("It need not be established that the violation [of a court order] was willful."); *Ferrara v. Nordev, LLC*, No. CV 10-5844, 2012 WL 1999643, at *2 (E.D.N.Y. Apr. 10, 2012). Further, "[p]rocess of contempt is

---

. . . as—(n.) . . . (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command."); *see Dorsett v. Cty. of Nassau*, No. CV 10-01258, 2012 WL 2076911, at *6 (E.D.N.Y. June 7, 2012).

a severe remedy, and should not be resorted to when there is fair ground of doubt as to the wrongfulness of the defendant's conduct." *California Artifical Paving Stone Co. v. Molitor,* 113 U.S. 609, 618, 5 S.Ct. 618, 28 L.Ed. 1106 (1885); *see Int'l Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n* 389 U.S. 64, 76 (1967) (noting that the court's contempt power constitutes a "potent weapon"); *Stein Indus., Inc. v. Jarco Indus., Inc.*, 33 F. Supp. 2d 163, 170 (E.DN.Y. 1999). The moving party must establish each essential element by clear and convincing evidence. *Bowens*, 546 F. Supp. 2d at 63-64; *see King*, 65 F.3d at 1058 (finding that "[a] contempt order is warranted only where the moving party established by clear and convincing evidence that the alleged contemnor violated the district court's edict."). Further, "[t]he failure to meet the strict requirements of an order does not necessarily subject a party to a holding of contempt." *A.V. By Versace, Inc. v. Gianni Versace S.p.A.*, 446 F. Supp. 2d 252, 257 (S.D.N.Y. 2006) (quoting *Dunn v. N.Y. State Dep't of Labor*, 47 F.3d 485, 490 (2d Cir. 1995)).

The relevant statutory framework governing the contempt authority of a federal magistrate judge is set forth in 28 U.S.C. § 636(e). As is relevant to the instant motion, the statute requires that

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e); *see Ferrara*, 2012 WL 1999643, at *1 (E.D.N.Y. Apr. 10, 2012). Thus, pursuant to the certification process outlined in 28 U.S.C. § 636(e), the magistrate judge "functions only to certify the facts and not to issue an order of contempt." *Ferrara*, 2012 WL

1999643, at *1 (citing *Hunter TBA, Inc. v. Triple v. Sales*, 250 F.R.D. 116, 118 (E.D.N.Y.2008)).

Further, "[i]n certifying the facts under Section 636(e), the magistrate judge's role is 'to

determine whether the moving party can adduce sufficient evidence to establish a *prima face*

case of contempt.'" *Hunter,* 250 F.R.D. at 118 (quoting *Church v. Steller*, 35 F. Supp. 2d 215,

217 (N.D.N.Y. 1999)); *see Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-*

*Mgmt. Cooperation v. Duncan & Son Carpentry, Inc.*, No. 14-CV-2894, 2015 WL 3935760, at

*3 (E.D.N.Y. June 26, 2015).

Although the magistrate judge's role is to certify the facts to the district judge for a

*de novo* review, there is no requirement that a hearing be held. *See Bowens*, 546 F. Supp. 2d at

71 ("Under the certification process, the magistrate judge may conduct a hearing."); *Ferrara*,

2012 WL 1999643, at *1 (same); *Church*, 35 F. Supp. 2d at 217; *British Int'l Ins. Co. v. Seguros*

*La Republica, S.A.*, No. 90 CV 2370, 2001 WL 958975, at *7 (S.D.N.Y. Aug. 22, 2001). In

accordance with the magistrate judge's role of "determin[ing] whether the moving party can

adduce sufficient evidence to establish a prima facie case of contempt," *Ferrara*, 2012 WL

1999643, at *1, the court, after reviewing the evidence, may decline to certify the case to the

district court where the court "determines that the conduct does not rise to the level of

contempt." *Lynch*, 2013 WL 80178, at *5; *see Bowens*, 546 F. Supp. 2d at 72 (declining to

certify facts to the district court where movant failed to establish a *prima facie* case of contempt).

In the event the court declines to certify facts to the district court for further review, the "district

court may not proceed further on a motion for contempt where the conduct at issue occurred

before a magistrate judge." *Bowens*, 546 F. Supp. 2d at 72; *see Church*, 35 F. Supp. 2d at 217

(citing *In re Nova Biomedical Corp. v. i-STAT Corp.*, 182 F.R.D. 419, 423–24 (S.D.N.Y. 1998));

7

*see also In re Kitterman*, 696 F. Supp. 1366, 1370 (D. Nev. 1988) (noting that magistrate's decision not to certify to district court "dispos[es] of the matter").

In addition to its authority to impose sanctions in the context of a finding of civil or criminal contempt, a district court has wide latitude in its decision-making as to the imposition of sanctions "whether exercising its inherent power, or acting pursuant to Rule 37." *Gutman v. Klein*, No. 03 CV 1570, 2008 WL 4682208, at *12 (E.D.N.Y. Oct. 15, 2008); *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). When contemplating what level of sanctions is most appropriate, a court should be guided by the entire record that exists. *Gutman*, 2008 WL 4682208, at *11. When reviewing the record, a court should weigh the following factors: (a) willfulness or bad faith on the part of the noncompliant party; (b) the history, if any, of non-compliance; (c) the effectiveness of lesser sanctions; (d) whether the noncompliant party had been warned about the possibility of sanctions; (e) the client's complicity; and (f) prejudice to the moving party. *See Am. Cash Card Corp., v. AT&T Corp.*, 184 F.R.D. 521, 524 (S.D.N.Y. 1999). Upon assessing these factors, a court is vested with the authority to impose sanctions even where no contempt is found to have occurred.

### 2. *Application to the Facts*

After reviewing the parties' submissions, the Court finds that a contempt hearing would be premature in light of the facts as presented at this time. However, since factual questions exist as to the nature and extent of any violation of the Court's March 13, 2015 Order, the Court finds that a hearing to determine if sanctions should be levied is warranted. Pursuant to the Court's authority to hear oral testimony on any evidentiary matter "[w]hen a motion relies on facts outside the record," the Court is setting this matter down for a hearing on **May 9, 2016 at 2 p.m.** *See* Fed. R. Civ. P. 43(c); *see Davis v. Costa-Gavras*, 650 F. Supp. 153, 156 (S.D.N.Y.

1986) (recognizing that the purpose of Rule 43(c) is to "focus on and flush out what, if any, essential evidence the plaintiff can adduce" warranting the relief sought). The purpose of the hearing will be to determine whether there was a violation of this Court's March 13, 2015 Order, and, if so, whether sanctions should be imposed against the Defendants. Plaintiff's counsel is directed to present her client as well as union representative "Ernie" to testify at the hearing. If a subpoena is necessary to secure the union representative's attendance and testimony, plaintiff's counsel will need to take appropriate action. Defendants' counsel is required to produce Monica Rauls to testify at the hearing. Counsel are reminded that the burden of proof at the hearing rests with the Plaintiff as the party seeking relief. As such, Plaintiff's witnesses will proceed first.

## IV. CONCLUSION

Based upon the foregoing discussion, Plaintiff's motion seeking a hearing is GRANTED, in part, to the extent set forth in this Order.

**SO ORDERED.**

Dated: Central Islip, New York
       March 31, 2016

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge